# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALDO R. MEDINA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　　　Defendant. | CASE NO. 16CV215-GPC(KSC)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS; AND DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[Dkt. Nos. 2, 3.] |

On January 28, 2016, Plaintiff Waldo Medina ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act along with a motion to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915(a). (ECF Nos. 1, 2.) On that same day, Plaintiff additionally filed a motion for appointment of counsel. (ECF No. 3.)

**A.　Plaintiff's Motion to Proceed IFP**

All proceedings filed with the District Court require a filing fee unless the Court grants IFP status, waiving the fee. *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Under 28 U.S.C. § 1915(a), the Court may waive the filing fee if a party demonstrates an inability to pay by submitting an affidavit reporting all assets of the individual. 28 U.S.C. § 1915(a).

Here, Plaintiff submitted a declaration reporting that he is not presently

employed and that he has not worked since 2002. He receives money from public assistance and has $98.86 in his checking account. He owns a car worth around $800.00. He does not own any real estate; however, due to the recent deaths of his parents, he may receive assets, including a home, from his parents' will which is currently being disputed in probate. Plaintiff has sufficiently demonstrated that he is unable to pay the required filing fee and meets the requirements to proceed IFP. Therefore, the Court **GRANTS** Plaintiff's motion to proceed IFP.

### B.     Plaintiff's Motion for Appointment of Counsel

Plaintiff has also filed a motion for appointment of counsel. (ECF No. 3.) Generally, a civil plaintiff has no right to appointed counsel. *See Hernandez v. Whiting*, 881 F.2d 768, 770-71 (9th Cir. 1989)

Nonetheless, federal courts have discretion to appoint counsel for any party proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1); *see also Johnson v. Comm'r of Soc. Sec.,* No. 3:11-cv-2596-JAH (BLM), 2012 WL 124793, at *2 (S.D. Cal. Jan. 17, 2002). Under the law of this circuit, however, court appointment of counsel requires a finding of "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). In order to assess whether such circumstances exist, the Court must evaluate both a petitioner's (a) likelihood of success on the merits and (b) ability to articulate his claims in light of the complexity of the legal issues involved. *Id*. "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id*. (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). This Circuit, however, has determined that not every difficulty a pro se plaintiff encounters in prosecuting his case is a complexity entitling him to counsel. *Wilborn,* 789 F.2d at 1331 ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for [the] development of further facts, practically all cases would involve complex legal issues. Thus, although Wilborn may have found it difficult to articulate his claims *pro se*, he has neither demonstrated a likelihood of success on the merits nor shown that the complexity of the issues

involved was sufficient to require designation of counsel." )

Here, at this time, based on the Complaint, the Court cannot determine whether Plaintiff is likely to succeed on the merits of his claims. In addition, Plaintiff has not made a showing of his inability to articulate the basis of his claims in light of the complexities of the issues involved. Under these circumstances, the Court **DENIES** Plaintiff's request for appointment of counsel without prejudice.

### **CONCLUSION**

Based on the above, the Court **GRANTS** Plaintiff's motion to proceed in forma pauperis and **DENIES** Plaintiff's motion for appointment of counsel without prejudice.

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue a summons as to Plaintiff's Complaint (ECF No. 1) upon Defendant and shall forward it to Plaintiff along with a blank U.S. Marshal Form 285 for the Defendant. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order and a certified copy of her Complaint and the summons so that she may serve the Defendant. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285 as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Upon receipt, the U.S. Marshal shall serve a copy of the Complaint and summons upon the Defendant as directed by Plaintiff on the USM Form 285. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

**IT IS SO ORDERED.**

DATED: February 19, 2016

HON. GONZALO P. CURIEL
United States District Judge