FILED

16 SEP -8 PM 12: 12

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:   DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALDO RENE MEDINA,<br><br>　　　　　　　　　Plaintiff,<br>v.<br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br>　　　　　　　　　Defendant. | Case No.:  16cv215-GPC(KSC)<br><br>**ORDER DENYING PLAINTIFF'S LETTER REQUEST FOR A CONTINUANCE TO PRESENT NEW EVIDENCE**<br><br>**[Doc. Nos. 17 and 19]** |

　　　Pursuant to Title 42, United States Code, Section 405(g), of the Social Security Act ("SSA"), plaintiff filed a Complaint to obtain judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying him disability insurance benefits. [Doc. No. 1.] Plaintiff is proceeding in this action *pro se* and *in forma pauperis*. Defendant has filed an Answer to the Complaint [Doc. No. 8] and the Administrative Record [Doc. No. 10].

　　　Currently before the Court is a letter from plaintiff requesting to continue this case until he can obtain x-rays "since 2002." [Doc. No. 17, at p. 1.] Plaintiff wants to present these x-rays to the Court, because he believes they will show "an inaccurate diagnosis" that affected the outcome of his claim for disability benefits. [Doc. No. 17, at p. 1.] Along with his letter, plaintiff submitted some copies of unidentified x-rays and some

medical treatment records dated February 23, 2016, April 28, 2016, and May 5, 2016 [Doc. No. 19]. These medical treatment records are dated long after the final denial of plaintiff's disability claim by the Commissioner on December 4, 2015. [Doc. No. 10-2, at pp. 2-4.] Thus, it appears that plaintiff seeks to supplement the Administrative Record in this case with additional and new evidence that was not considered by the Commissioner in denying plaintiff's claim for disability benefits. Defendant has opposed plaintiff's request to continue the case for this purpose. [Doc. No. 21.]

"In the context of judicial review of a decision of the Commissioner regarding SSI disability benefits, evidence outside the administrative record generally is precluded from consideration by the court." *Baker v. Barnhart*, 457 F.3d 882, 891 (8th Cir. 2006). In this regard, Title 42, United States Code, Section 405(g), states in pertinent part as follows: "The court shall have power to enter, **upon the pleadings and transcript of the record,** judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for rehearing." 42 U.S.C. § 405(g) (emphasis added).

When new evidence that is not part of the administrative record is presented for the first time to the District Court, Section 405(g) allows the District Court to remand the case to the Social Security Administration for consideration if, and only if there is "a showing" that the new evidence is "material" and that there is "good cause for the failure to incorporate such evidence into the record in a prior proceeding. . . ." 42 U.S.C. § 405(g); *Brewes v. Commissioner of Social Sec. Admin.*, 682 F.3d 1157, 1164 (9th Cir. 2012). Therefore, this Court will construe plaintiff's letter seeking a continuance as a request for a remand to the Social Security Administration under Section 405(g) for consideration of x-rays "since 2002" and medical records dated after his disability claim was denied. [Doc. No. 17, at p. 1; Doc. No. 19, at pp. 1-10.]

As the claimant, plaintiff has the burden of showing there is "good cause for his failure to submit the evidence in the prior proceeding." *Chaney v. Schweiker*, 659 F.2d 676, 679 (5th Cir. 1981). "Good cause" exists if the claimant can provide a reasonable

explanation as to why new evidence was unavailable earlier. *Mayes v. Massanari*, 276 F.3d 453, 463 (9th Cir. 2001). For example, "[n]ew medical evidence that becomes available due to improvements in technology meets the good cause standard, and shall be considered if it also meets the materiality requirement." *Wainwright v. Sec'y of Health & Human Servs.*, 939 F.2d 680, 683 (9th Cir. 1991). "A claimant does not meet the good cause requirement by merely obtaining a more favorable report once his or her claim has been denied." *Mayes v. Massanari*, 276 F.3d at 463. Without more, a simple assertion "that the evidence only turned up later" is also not enough to satisfy the "good cause" standard. *Clem v. Sullivan*, 894 F.2d 328, 332 (9th Cir. 1990).

New evidence is "material" if there is a reasonable possibility that it would have changed the outcome of the claim for disability benefits. *Booz v. Sec'y of Health and Human Servs.*, 734 F.2d 1378, 1380-1381 (9th Cir. 1984). The new evidence must be probative of the claimant's condition as it existed during the relevant time period and prior to the disability hearing. *Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 511-512 (9th Cir. 1987). New evidence of "later-acquired disabilities or subsequent deterioration of a previously non-disabling condition" are not "material." *Jones v. Callahan*, 122 F.3d 1148, 1154 (8th Cir. 1997). In *Sanchez v. Secretary of Health and Human Services*, 812 F.2d 509, for example, the Ninth Circuit concluded that the claimant's new evidence was not material because "at most, [it showed] deterioration after the hearing, which would be material to a new application but not probative of [the claimant's] condition at the hearing." *Id.* at 512.

Here, plaintiff has not explained why x-rays "since 2002" were not presented for consideration during the prior proceeding. [Doc. No. 17, at p. 1.] There is nothing to indicate these x-rays were unavailable earlier and could not have been presented for consideration while plaintiff's claim for disability benefits was pending before the Commissioner. Although plaintiff appears to argue that these x-rays are "material" because they will show that "[f]rom the beginning this case has been based on an inaccurate diagnosis by the [d]octor," he has not offered anything to support his

argument. [Doc. No. 17, at p. 1.] As to the medical treatment records plaintiff submitted from February 23, 2016, April 28, 2016, and May 5, 2016, long after his disability claim was denied on December 4, 2015, plaintiff has not explained why there is "good cause" to submit these documents now. Nor has he explained why he believes these records are "material" to the outcome of his disability claim. As a result, the Court is unable to conclude that the new evidence plaintiff wishes to submit is "material" to the outcome of his disability claim or that there is "good cause" for failing to present this evidence during the prior proceeding before the Commissioner.

Based on the foregoing, the Court finds that plaintiff's letter request to continue this case to submit new evidence must be DENIED without prejudice. When plaintiff files his summary judgment motion or his opposition to defendant's cross-motion for summary judgment, plaintiff may offer additional information and argument in order to show that the case should be remanded to the Commissioner to consider new and additional evidence under Section 405(g) based on the standards set forth in this Order. In other words, to justify a remand to consider new evidence, plaintiff must show that the new evidence he wishes to present is material to the outcome of his disability claim and that there good cause (*i.e.*, a really good reason) why this new evidence was not presented in the prior proceeding before the Commissioner.

IT IS SO ORDERED.

Dated: September 8, 2016

Hon. Karen S. Crawford
United States Magistrate Judge